UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DLJ Mortgage Capital, Inc. | CIVIL ACTION NO: |
|---|---|
| Plaintiff | COMPLAINT |
| vs. | RE:<br>21 Bamford Hill Road, Fayette, ME 04349 |
| Jason A. M. Holland | Mortgage:<br>October 3, 2006<br>Book 9102, Page 155<br>Kennebec Registry of Deeds |
| Defendant | |

NOW COMES the Plaintiff, DLJ Mortgage Capital, Inc., by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Jason A. M. Holland, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by DLJ Mortgage Capital, Inc., in which the Defendant, Jason A. M. Holland, is the obligor and the total amount owed under the terms of the Note is Three Hundred Forty-Nine Thousand

Nine Hundred Forty-Seven and 12/100 ($349,947.12) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. DLJ Mortgage Capital, Inc. is a Corporation with its principal place of business located at 11 Madison Avenue, New York, NY 10010.

5. The Defendant, Jason A. M. Holland, is a resident of Fayette, County of Kennebec and State of Maine.

## FACTS

6. On October 3, 2006, by virtue of a Warranty Deed from Robert L. Barker and Fay B. Barker, which is recorded in the Kennebec Registry of Deeds in **Book 9102, Page 153**, the property situated at 21 Bamford Hill Road, City/Town of Fayette, County of Kennebec, and State of Maine, was conveyed to Jason A.M. Holland, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On October 3, 2006, Defendant, Jason A. M. Holland, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note under seal in the amount of $144,300.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on October 3, 2006, Defendant, Jason A. M. Holland, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Lenders Network USA, Inc., securing the property located at 21 Bamford Hill Road, Fayette, ME 04349 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 9102**, **Page 155**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. An assignment of the Mortgage was dated July 24, 2007 and recorded in the Kennebec Registry of Deeds in **Book 9542**, **Page 0238** but failed to name an assignee and is ineffective under *Greenleaf*. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Wilshire Credit Corporation by virtue of an Assignment of Mortgage dated July 24, 2007 and recorded in the Kennebec Registry of Deeds in **Book 9597**, **Page 0050**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Wilshire Credit Corporation by virtue of an Assignment of Mortgage dated February 27, 2009 and recorded in the Kennebec Registry of Deeds in **Book 10003**, **Page 0004**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated July 22, 2015 and recorded in the Kennebec Registry of Deeds in **Book 12079**, **Page 170**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Ditech Financial LLC by virtue of an Assignment of Mortgage dated March 5, 2020 and recorded in the Kennebec Registry of Deeds in **Book**

**13504**, **Page 112**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to New Residential Mortgage LLC by virtue of an Assignment of Mortgage dated March 5, 2020 and recorded in the Kennebec Registry of Deeds in **Book 13504**, **Page 113**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to NewRez LLC d/b/a Shellpoint Mortgage Servicing by virtue of an Assignment of Mortgage dated May 13, 2020 and recorded in the Kennebec Registry of Deeds in **Book 13555**, **Page 252**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to DLJ Mortgage Capital, Inc. by virtue of an Assignment of Mortgage dated January 10, 2022 and recorded in the Kennebec Registry of Deeds in **Book 14315**, **Page 63**. *See* Exhibit K (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was further assigned to DLJ Mortgage Capital, Inc. by virtue of a Quitclaim Assignment dated August 25, 2022 and recorded in the Kennebec Registry of Deeds in **Book 14558**, **Page 239**. *See* Exhibit L (a true and correct copy of the Quitclaim Assignment and related Court Order are attached hereto and incorporated herein).

18. On October 13, 2022, the Defendant, Jason A. M. Holland, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit M (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendant, Jason A. M. Holland, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit M.

20. The Defendant, Jason A. M. Holland, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, DLJ Mortgage Capital, Inc., is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, DLJ Mortgage Capital, Inc., is the lawful holder and owner of the Note and Mortgage.

23. The Plaintiff, DLJ Mortgage Capital, Inc., hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

24. The total debt owed under the Note and Mortgage as of November 21, 2022 is Three Hundred Forty-Nine Thousand Nine Hundred Forty-Seven and 12/100 ($349,947.12) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $142,812.64 |
| Interest | $148,123.11 |
| Escrow/Impound Advance Balance | $52,593.83 |
| Late Charges Outstanding | $1,537.05 |
| Loan Level Advance Balance | $4,880.49 |
| Grand Total | $349,947.12 |

25. Upon information and belief, the Defendant, Jason A. M. Holland, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 21 Bamford Hill Road, Fayette, County of Kennebec, and State of Maine. *See* Exhibit A.

28. The Plaintiff, DLJ Mortgage Capital, Inc., is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, DLJ Mortgage Capital, Inc., has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, DLJ Mortgage Capital, Inc., is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendant, Jason A. M. Holland, is presently in default on said Mortgage and Note, having failed to make the monthly payment due January 1, 2008, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of November 21, 2022 is Three Hundred Forty-Nine Thousand Nine Hundred Forty-Seven and 12/100 ($349,947.12) Dollars.

32. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendant, Jason A. M. Holland's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Jason A. M. Holland, on October 13, 2022, evidenced by the Certificate of Mailing. *See* Exhibit M.

35. The Defendant, Jason A. M. Holland, is not in the Military as evidenced by the attached Exhibit N.

36. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On October 3, 2006, the Defendant, Jason A. M. Holland, executed under seal and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $144,300.00. *See* Exhibit B.

39. The Defendant, Jason A. M. Holland, is in default for failure to properly tender the January 1, 2008 payment and all subsequent payments. *See* Exhibit M.

40. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Jason A. M. Holland.

41. The Defendant, Jason A. M. Holland, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

42. The Defendant, Jason A. M. Holland's, breach is knowing, willful, and continuing.

43. The Defendant, Jason A. M. Holland's, breach has caused Plaintiff, DLJ Mortgage Capital, Inc., to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Note and Mortgage as of November 21, 2022, if no payments are made, is Three Hundred Forty-Nine Thousand Nine Hundred Forty-Seven and 12/100 ($349,947.12) Dollars.

45. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

46. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendant, Jason A. M. Holland, entered into a written contract with Mortgage Lenders Network USA, Inc. who agreed to loan the amount of $144,300.00 to the Defendant. *See* Exhibit B.

49. As part of this contract and transaction, the Defendant, Jason A. M. Holland, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note and successor-in-interest to Mortgage Lenders Network USA, Inc., and has performed its obligations under the Note and Mortgage.

51. The Defendant, Jason A. M. Holland, breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2008 payment and all subsequent payments. *See* Exhibit M.
52. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Jason A. M. Holland.
53. The Defendant, Jason A. M. Holland, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.
54. The Defendant, Jason A. M. Holland, is indebted to DLJ Mortgage Capital, Inc. in the sum of Three Hundred Forty-Nine Thousand Nine Hundred Forty-Seven and 12/100 ($349,947.12) Dollars, for money lent by the Plaintiff, DLJ Mortgage Capital, Inc., to the Defendant.
55. Defendant, Jason A. M. Holland's, breach is knowing, willful, and continuing.
56. Defendant, Jason A. M. Holland's, breach has caused Plaintiff, DLJ Mortgage Capital, Inc., to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.
57. The total debt owed under the Note and Mortgage as of November 21, 2022, if no payments are made, is Three Hundred Forty-Nine Thousand Nine Hundred Forty-Seven and 12/100 ($349,947.12) Dollars.
58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

59. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV – UNJUST ENRICHMENT

60. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Mortgage Lenders Network USA, Inc., predecessor-in-interest to DLJ Mortgage Capital, Inc., loaned the Defendant, Jason A. M. Holland, $144,300.00. *See* Exhibit B.

62. The Defendant, Jason A. M. Holland, has failed to repay the loan obligation.

63. As a result, the Defendant, Jason A. M. Holland, has been unjustly enriched to the detriment of the Plaintiff, DLJ Mortgage Capital, Inc. as successor-in-interest to Mortgage Lenders Network USA, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to relief.

65. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, DLJ Mortgage Capital, Inc., prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, DLJ Mortgage Capital, Inc., upon the expiration of the period of redemption;

c) Find that the Defendant, Jason A. M. Holland, is in breach of the Note by failing to make payment due as of January 1, 2008, and all subsequent payments;

d) Find that the Defendant, Jason A. M. Holland, is in breach of the Mortgage by failing to make payment due as of January 1, 2008, and all subsequent payments;

e) Find that the Defendant, Jason A. M. Holland, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Jason A. M. Holland, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2008 and all subsequent payments;

g) Find that the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Jason A. M. Holland has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, DLJ Mortgage Capital, Inc., to restitution;

j) Find that the Defendant, Jason A. M. Holland, is liable to the Plaintiff, DLJ Mortgage Capital, Inc., for money had and received;

k) Find that the Defendant, Jason A. M. Holland, has appreciated and retained the benefit of the Mortgage and the subject property;

l) Find that it would be inequitable for the Defendant, Jason A. M. Holland, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

m) Find that the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to restitution for this benefit from the Defendant, Jason A. M. Holland;

n) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

o) Additionally, issue a money judgment against the Defendant, Jason A. M. Holland, and in favor of the Plaintiff, DLJ Mortgage Capital, Inc., in the amount of Three Hundred Forty-Nine Thousand Nine Hundred Forty-Seven and 12/100 ($349,947.12 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

p) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
DLJ Mortgage Capital, Inc.,
By its attorneys,

Dated: December 5, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com