OPR BK 14558 Page 239   INSTR#: 2022021285
Case 1:22-cv-00376-NT   Document 1-12   Filed 12/05/22   Page 1 of 8   PageID #: 47
BK14558    PGS 239 - 246   08/29/2022 12:50:44 PM
INSTR#: 2022021285              ATTEST: DIANE WILSON
RECEIVED KENNEBEC SS    REGISTER OF DEEDS
eRecorded Document

## QUITCLAIM ASSIGNMENT OF MORTGAGE

WHEREAS, Mortgage Lenders Network USA, Inc., a Delaware corporation with a former place of business at 213 Court Street, 11th Floor, Middletown, Connecticut, is the Lender ("**Lender**") on a certain mortgage executed by Jason A.M. Holland and bearing the date of the Third day of October, 2006 and recorded in the Kennebec County Registry of Deeds in Book 9102, Page 155 (the "**Mortgage**");

WHEREAS, pursuant to an Order Appointing Receiver for Mortgage Lenders Network USA, Inc. entered on February 5, 2021 by the Court of Chancery of the State of Delaware under Docket No. 2020-0631-AGB (the "**Order**"), Brett D. Fallon, Esquire was appointed Receiver for Lender, a true copy of which Order is attached hereto as Exhibit A;

WHEREAS, Lender may have certain rights that are described in the Mortgage;

WHEREAS, Mortgage Electronic Registration Systems, Inc. ("**MERS**") was designated the mortgagee in the Mortgage as the nominee of Lender and its successors and assigns, and MERS was the mortgagee of record;

WHEREAS, this Quitclaim Assignment of Mortgage is not intended to and does not modify or assign any of the rights, title or interests that MERS had in the Mortgage; and

WHEREAS, Lender wishes to convey and assign any and all rights it may have under the Mortgage.

ACCORDINGLY, Lender hereby assigns and quit claims all of its rights, title and interests (whatever they may be, if any), in the Mortgage to **DLJ Mortgage Capital, Inc.**

PROPERTY ADDRESS:
21 Bamford Hill Road, Fayette, ME 04349

*[Signature page follows.]*


EXHIBIT L

**SIGNATURE PAGE**
**TO**
**QUIT CLAIM ASSIGNMENT OF MORTGAGE**

Dated: August 25, 2022

MORTGAGE LENDERS NETWORK USA, INC.

_____
Brett D. Fallon, Esquire, solely as Receiver for
Mortgage Lenders Network USA, Inc. and not in
an individual or other capacity, by order of the
Court of Chancery of the State of Delaware under
Docket No. 2020-0631-AGB

STATE OF DELAWARE
COUNTY OF

Personally appeared before me this 25th day of August 2022, the above-named Brett D. Fallon, Esquire, in his capacity as Court appointed Receiver of Mortgage Lenders Network USA, Inc. and acknowledged the foregoing to be his free act and deed in said capacity and the free act and deed of Mortgage Lenders Network USA, Inc.

Type/Print Name: Cathlyn E Cantelmi
Notary Public
My Commission Expires:

[Notary Seal: CATHLYN E. CANTELMI, COMMISSION EXPIRES March 26, 2024, NOTARY PUBLIC, STATE OF DELAWARE]

US.351920581.02

# EXHIBIT A

Order

[*See attached*]

**GRANTED**

EFiled: Feb 05 2021 10:44AM EST
Transaction ID 6631277
Case No. 2020-0631-AGB

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| IN RE MORTGAGE LENDERS NETWORK USA, INC., | C.A. No. 2020-0631-AGB |

### [PROPOSED] ORDER APPOINTING RECEIVER FOR MORTGAGE LENDERS NETWORK USA, INC. PURSUANT TO 8 DEL. C. § 279

WHEREAS, Petitioner has filed this action seeking the appointment of a receiver pursuant to 8 *Del. C.* § 279 for Mortgage Lenders Network USA, Inc. ("MLNU"), an entity declared by the Delaware Secretary of State out of existence and not in good standing for its failure to pay taxes, to address unfinished business of MLNU;

WHEREAS, no party has appeared to oppose or contest the appointment of a receiver for MLNU; and

WHEREAS, the Petitioner has shown good cause for the appointment of a receiver for MLNU pursuant to 8 *Del. C.* § 279;

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Brett D. Fallon, Esquire, is hereby appointed as the receiver for MLNU (the "Receiver") with the powers and duties specified in this Order. The Receiver shall have the authority, but shall not be required, to petition this Court for instructions at any time or from time to time. The Receiver may seek to modify

the terms of this Order, including by seeking supplemental authority, for good cause shown. The Receiver shall file with this Court a written acceptance of this appointment. The Receiver shall serve at the pleasure of the Court.

2. The Receiver is authorized to act through and in the name of MLNU to carry out his duties hereunder. The Receiver is empowered and authorized, but is not required, to execute and deliver (or cause to be executed and delivered) any document in the name of MLNU, including but not limited to contracts, deeds, quitclaim assignments, other documents of title, and regulatory, administrative, and governmental filings.

3. The provisions of Court of Chancery Rules 148-168, pertaining to the duties of a receiver are hereby waived. The Receiver shall not be required to post a bond. In lieu of these provisions, the Receiver shall file a report to the Court annually from the date of this Order, or more often if requested by the Court, until the Receiver is discharged by the Court.

4. The Receiver is authorized to retain and rely on one or more experts or advisors, including attorneys and other professionals as the Receiver deems necessary in carrying out his duties. The Receiver is authorized to utilize the services of professionals from the law firm of Faegre Drinker Biddle & Reath LLP, (the "Firm") and may use attorneys from the Firm as counsel at their customary hourly rates.

5. PHH Mortgage Corporation ("PHH") shall pay the compensation and expenses of the Receiver and the Firm at customary hourly rates, except for the fees associated with loans not serviced by PHH; in which case the Receiver shall collect the fees from the entity requesting the services of the Receiver. All professionals retained by the Receiver shall submit invoices to the Receiver on a monthly basis. Except when services are requested by an entity other than PHH, all fees and expenses shall be paid promptly by PHH.

6. Notwithstanding anything to the contrary contained in MLNU's organizing documents, charter, bylaws, Plan or Liquidating Trust, PHH shall provide to the Receiver all protection, indemnity, limitation from liability, and immunity available at law or in equity to an officer or director of a company under 8 *Del. C.* § 145 including, without limitation, all protection, limitation from liability, and immunity provided by the indemnification provisions of applicable law. Expenses, including attorneys' fees, incurred by the Receiver in defending any civil, criminal, administrative, or investigative action, suit, or proceeding arising by reason of or in connection with the Receiver's designation as Receiver for MLNU, or in the performance of his duties hereunder, shall be paid by PHH monthly in advance of the final disposition of such action, suit, or proceeding, subject to the repayment of such amount if it shall be ultimately determined by this

Court that the Receiver is not entitled to be indemnified by PHH due to action not being taken in good faith.

7. The Receiver shall not be personally liable for any liability or obligation of MLNU, its predecessors, successors and affiliates, including prior to or after the entry of this Order, including, without limitation, any contingent or unliquidated liabilities or obligations.

8. All actions of the Receiver shall be presumed to have been made on an informed basis, in good faith, and in the honest belief that such actions taken were in the best interests of the Company. The Receiver shall be entitled to all protection, limitation from liability, and immunity available at law or in equity to a court-appointed receiver, including, without limitation, all protection, limitation from liability, and immunity provided by the indemnification provisions of applicable law and this Order.

9. No entity or party may bring any action against the Receiver for his actions or omissions arising out of or related to his duties as Receiver, unless such party or entity shall first apply to this Court to show cause before any such action is filed.

SO ORDERED this ____ day of _____, 2021

_____
Chancellor Andre G. Bouchard

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Andre G Bouchard |
| **File & Serve Transaction ID:** | 66310207 |
| **Current Date:** | Feb 05, 2021 |
| **Case Number:** | 2020-0631-AGB |
| **Case Name:** | IN RE MORTGAGE LENDERS NETWORK USA, INC. |
| **Court Authorizer:** | Andre G Bouchard |

**/s/ Judge Andre G Bouchard**