UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **DLJ MORTGAGE CAPITAL, INC.,** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**JASON A. M. HOLLAND,** )<br>)<br>**Defendant** ) | No. 1:22-cv-00376-NT |

**ORDER**

The deadline for DLJ Mortgage Capital, Inc., to serve its complaint on Jason A. M. Holland was March 6, 2023, which was ninety days after DLJ initiated this foreclosure action. *See* ECF No. 1; Fed. R. Civ. P. 4(m). That deadline came and went without DLJ filing any proof of service on Holland or even requesting an extension of time to do so, which prompted this Court to issue an order to show cause. *See* ECF No. 6. In response to the order to show cause, DLJ filed a motion claiming that Holland is evading service and seeking an additional forty-five days to serve him. *See* ECF No. 7.

DLJ is represented by Attorney Reneau J. Longoria of the law firm of Doonan, Graves & Longoria, LLC. Attorney Longoria and her firm have a long and troubled history of failing to comply with this Court's deadlines and have been admonished repeatedly. *See, e.g., U.S Bank Tr., N.A. v. Cousins*, No. 2:22-cv-00323-JAW, 2023 WL 2561579, at *1-2 (D. Me. Mar. 17, 2023) (rec. dec.) (recommending dismissal after Attorney Longoria failed to respond to an order to show cause and noting that

1

her "complete indifference to this Court's deadlines and orders" is "frustrating" because, among other things, "it creates a great deal of unnecessary work for the Court"); *Fed. Nat'l Mortg. Ass'n v. Butler*, No. 1:19-cv-00218-JAW, ECF No. 73 (D. Me. Jan. 3, 2023) ("The Court hereby issues its eighth and final Order to Show Cause.  Once again, [the plaintiff] has failed to file proof of service of the Amended Complaint on [the defendant]. . . . The Court will issue no further Orders to Show Cause in this case.  As the Court has stated multiple times in this matter, the Clerk's Office is not responsible for [the plaintiff's] compliance with Court deadlines and will not act as her administrative assistants." (cleaned up)); *Bank of N.Y. Mellon v. Yardley*, No. 1:19-cv-00187-LEW, ECF No. 54 (D. Me. June 28, 2021) ("In this case, the Clerk[']s Office has issued **four** Orders to Show Cause.  Plaintiff has serially failed to file a motion for entry of default judgment . . . . Counsel has been admonished repeatedly that if no motion were timely filed, the Court would dismiss Plaintiff[']s case for lack of prosecution.  The Court, remarkably, has granted 11 motions to extend time to file a motion for default judgment . . . . To date, the Court has not received a Motion for Default Judgment.  Counsel is reminded that the Court[']s staff does not exist to provide auxiliary support to his own staff to remind him of his filing obligations, to call to remind him when he has failed to meet his filing obligations, which result in a cascade of Orders to Show Cause and motions to extend time.  The Court will not manage this or any other case by a series of Orders to Show Cause, and the ensuing carousel of motions for mercy and more time." (cleaned up)). According to data compiled by the Clerk's Office, from January 1, 2019, to the present,

this Court has issued approximately 160 orders to show cause in foreclosure cases where Doonan, Graves & Longoria, LLC, represented the plaintiff.

Enough is enough. Part of this "Court's responsibility is to see that" its limited "resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Having to continually issue orders to show cause and act on never-ending motions to extend time in cases involving Attorney Longoria and her firm most decidedly does not promote the interests of justice. Rather it is a tremendous waste of time that distracts this Court and its staff from important substantive work.

So, here is what I am going to do. I will reluctantly **GRANT** DLJ's motion (ECF No. 7), **EXTEND** the deadline for serving Holland to May 5, 2023, and **TERMINATE** the order to show cause (ECF No. 6). But I will not extend the deadline for service any further in this case, and **Attorney Longoria and her firm are hereby placed on notice that, going forward, I will not grant any motion for extension of time filed by them in this or any other case after the deadline has already passed absent truly extraordinary circumstances.** *See Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (noting that good cause for failing to serve a defendant within the ninety-day time period prescribed by Fed. R. Civ. P. 4(m) requires a showing of diligence and that a failure to seek an extension of time before the deadline has lapsed tends to undercut any claim of good cause); Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired

3

if the party failed to act because of excusable neglect."); *Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc.*, 730 F.3d 23, 27 (1st Cir. 2013) ("[A] lawyer's inattention or carelessness, without more, normally does not constitute excusable neglect." (cleaned up)).

Finally, to the extent that Attorney Longoria and her firm continue to engage in this sort of dilatory conduct, they should know that I may consider harsher penalties such as the imposition of monetary sanctions or the initiation of disciplinary proceedings.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: March 24, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge